**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LEO ALLEN LOVE,** ) | |
| **ID # 1770608,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:14-CV-1186-P (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas petition should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Leo Allen Love (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges a February 17, 2012 conviction for aggravated sexual assault of a child under the age of 14 years, enhanced by two prior felony convictions, in cause number F-1159295-Y in the Criminal District Court Number 7 of Dallas County, Texas. (doc. 3 at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records).  He did not file a direct appeal. (doc. 3 at 3.) On April 24, 2013, Petitioner filed a state application for writ of habeas corpus with the trial court, and that application was ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on January 15, 2014. (doc.3 at 4); *see Ex parte Love,* WR-36,544-02, Supp. Recd, at cover (Tex. Crim. App. January 15, 2014).

Petitioner mailed his federal petition on March 28, 2014. (doc. 3 at 10).

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.      Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner challenges the ineffectiveness of counsel related to the voluntariness of his guilty plea. (doc. 3, at 6-7.) The federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d) (1)(A). Petitioner did not directly appeal the judgment, so his right to seek direct review in state appellate court expired thirty days after it was entered. Tex. R. App. P. 26.2(a)(1); *see also United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir.

2002). The thirtieth day after entry of judgment was March 19, 2012, so the one year limitation period under § 2244(d)(1)(A) began running on that date and expired on March 19, 2013. *See Flanagan v. Johnson*, 154 F.3d. 196, 201-02 (5th Cir. 1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period). Petitioner filed his § 2254 petition on March 28, 2014,[1] over a year after the limitations period had already expired in 2013. A literal application of § 2244(d)(1)(A) renders his § 2254 petition untimely.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner filed his state writ application on April 24, 2013, several weeks after the one-year limitations period had already expired. A document filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this § 2254 petition.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.

---

[1] The § 2254 petition was received and file-stamped on April 3, 2014. Petitioner swore that he placed the document in the prison mail system on March 28, 2014, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

3

2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from timely filing his federal petition. (doc. 3, at 9.) He did not argue any basis to overcome the limitations bar in his § 2254 petition, and he did not file a reply to the response raising the limitations issue. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his petition for writ of habeas corpus is barred by the statute of limitations.

**D.     Actual Innocence**

Petitioner claims that his counsel failed to present evidence of his actual innocence. (doc. 3 at 7.) In *McQuiggin v. Perkins*, ——U.S.——, 133 S. Ct. 1924, 1928–31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence, if proved, can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. It emphasized, however, that a tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 1935–36.

Here, Petitioner has not presented a credible claim of actual innocence based on newly discovered evidence. He has presented no "new evidence"; he merely argues that the grounds he raises in the petition show he is actually innocent. For example, Petitioner claims:

> Counsel possessed evidence to prove that [Petitioner] was actually innocent of the charges against him, but failed to present or even argue such a position in that Petitioner is innocent because of his mental capacity to appreciate the difference between right and wrong. Petitioner actually lacked that mental capacity.

(doc. 3 at 7.) His allegations are about issues that were already presented and considered in the state habeas corpus proceeding, or raised as other grounds in this proceeding. Petitioner has not shown any new evidence of innocence, much less that "no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 133 S. Ct. at 1935 (citing *Schlup* [*v. Delo*], 513 U.S. 298, 327 (1995)). He has not overcome the statute of limitations bar, and his federal petition is barred by the statute of limitations.

5

## III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 18th day of September, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE